UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LAWRENCE FELTZIN, *individually*,

                              Plaintiff,

                          - against -

183 SOUTH WELLWOOD AVENUE CORP.,
*a New York Corporation*,

                             Defendant.
-------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
16-cv-5387 (ADS)(GRB)

**APPEARANCES:**

**Braff, Harris, Sukoneck, & Maloof**
*Co-Counsel for the Plaintiff*
305 Broadway
New York, NY 10007
       By:    Keith Harris, Esq., of Counsel

**Fuller, Fuller & Associates, P.A.**
*Co-Counsel for the Plaintiff*
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
       By:    Lawrence A. Fuller, Esq., Of Counsel

**McGiff Halverson LLP**
*Attorneys for the Defendant*
96 South Ocean Avenue
Patchogue, NY 11772
       By:    Robert R Dooley, of Counsel

**SPATT, District Judge:**

      The Plaintiff Lawrence Feltzin (the "Plaintiff") brought this disability discrimination case against the Defendant 183 South Wellwood Avenue Corp. (the "Defendant"), alleging that the Defendant violated Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12165 (the "ADA").

Presently before the Court is a motion by the Defendant for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c), on the basis that the Plaintiff does not have standing to sue. The Defendant also moves for attorneys' fees pursuant to 42 U.S.C. § 12205. For the following reasons, the Defendant's motion is denied in its entirety.

## I. BACKGROUND

### A. Procedural Background

On September 28, 2016, the Plaintiff filed his complaint. The Plaintiff's sole cause of action is based upon numerous alleged violations of Title III of the ADA. He seeks (1) a declaratory judgment that the Defendant violated Title III of the ADA; (2) injunctive relief against the Defendant stemming from the alleged ADA violations; and (3) an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

On June 19, 2017, the Defendant filed the instant motion for a judgment on the pleadings, and for attorneys' fees.

On July 7, 2017, the Plaintiff filed a memorandum in opposition to the Defendant's motion. The Plaintiff filed an affidavit with the memorandum of law that set forth more facts. The Defendant does not explicitly oppose the Court's consideration of the facts contained in the Plaintiff's affidavit, and argues that the additional facts do not give the Plaintiff standing. The Court will therefore consider the Plaintiff's affidavit as if it were incorporated into the complaint.

### B. The Relevant Facts

The following facts are drawn from the complaint and the Plaintiff's affidavit in support of his memorandum in opposition to the Defendant's motion to dismiss, and are accepted as true for the purposes of the instant motion.

The Plaintiff lives in Boynton Beach Florida. He is a paraplegic who requires a wheelchair. He is a member of an advocacy group called the Independence Project. He serves as "tester" for the group, which means that he travels to various locations to test their ADA compliance.

The Defendant owns a shopping center at 3663 Route 112 in Coram, New York. The Plaintiff often visits New York, because he was born in Queens County; was raised in Nassau County; and still has friends and family that live in Nassau County. He visited New York in May of 2017, only two months before he signed the affidavit that was submitted to the Court.

On July 20, 2016, the Plaintiff visited the Defendant's property and "encountered numerous architectural barriers that endangered [his] safety, and denied [him] the full and equal enjoyment of the facility." (Affidavit of Lawrence Feltzin (ECF No. 22-1) ("Pl.'s Aff.") ¶ 16). The complaint divides the "barriers" into three sub-categories: parking and exterior accessible routes, access to goods and services, and restrooms.

The Plaintiff "personally observed and encountered" the parking spaces at the location, which he states had slopes, uneven ground, and abrupt level changes; and did not have "compliant" access aisles. He alleges that these issues "prevented [him] from safely and easily [entering] and [exiting] from [his] vehicle." (*Id.* ¶ 16(a)). The curb ramps "made it both difficult and dangerous for [him] to access the center" via the most direct route and forced him to wheel through traffic to the shopping center. (*Id.* ¶¶ 16(a)–(b)). The ramps similarly "prohibited [the Plaintiff] from easily accessing" the bus stop, street, or sidewalk. (*Id.* ¶ 16(d)).

The tables at one of the location's restaurants, Julia's Pizza, a restaurant at the location, "prohibited [the Plaintiff] from being able to locate a table with sufficient clearance for [his] wheelchair . . . thus preventing [him] from comfortably and easily eating any food . . . ." (*Id.* ¶ 16(e)).

He "attempted to use the restroom" at one of the pizzerias in the shopping center, but was unable to do so because it was not accessible to handicapped individuals. The Plaintiff states that he was unable to reach the sinks; or transfer himself from his wheelchair to the toilets. The Plaintiff further states that the restrooms at the laundromat and the barber shop were similarly inaccessible. He was unable to locate a bathroom "which [he] was capable of safely and easily using." (*Id.* ¶ 15).

The Plaintiff claims that he intends to return to the location within 90 days after the Defendant remedies the alleged violations.

## II. DISCUSSION

**A. Standing**

    **1. The Relevant Legal Standards**

Article III, Section 2 of the Constitution limits federal jurisdiction to actual cases and controversies. U.S. CONST. ART. III § 2. It is well-established that:

> the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal citations and quotation marks omitted).

At issue in this case is whether the Plaintiff suffered an injury in fact. To satisfy the requirement of injury in fact, a plaintiff must show "actual or imminent injury." *Id.*

The Second Circuit has held that a plaintiff can show standing in the context of the ADA where:

> (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [property] to plaintiff's home, that plaintiff intended to return to the subject location.

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013); *see also Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, No. 01 CIV. 5518 (MBM), 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003) ("Courts considering ADA claims have found that disabled plaintiffs who had encountered barriers at restaurants, stores, [etc.] prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." (collecting cases)).

Plaintiffs alleging injuries from purported ADA violations must still establish that such injuries were both concrete and particular to the Plaintiff, and must do so with sufficient specificity. *Lujan,* 504 U.S. at 560; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) ("To establish injury in fact, a plaintiff must show that he or she suffered an 'invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (quoting *Lujan*, 504 U.S. at 560)).

Relevant here, "once a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability." *Kreisler*, 731 F.3d at 188.

### 2. Application to the Facts

The Defendant argues that the Plaintiff has failed to allege sufficient injury in fact, or any plausible plans to return to the location. In opposition, the Plaintiff contends that he has sufficiently alleged both of those elements of standing. The Court finds that the Plaintiff has plead sufficient facts to allege standing.

The Plaintiff alleges that he was unable to reach sinks at the location; could not transfer his body from his wheelchair to a toilet; was forced to wheel through traffic because of the slopes and abrupt changes in level in the parking lot; was unable to eat at a pizzeria at the location because the tables did not have sufficient clearance; and was prevented from and had difficulty crossing thresholds at various establishments because of the abrupt change in level. In short, the barriers at the location prevented the Plaintiff from the full enjoyment of the premises.

While it is not clear that he actually attempted each of these actions, it is clear from his affidavit and complaint that he encountered the barriers that prevented those actions. As the case law above demonstrates, the Plaintiff did not have to place himself in danger in order to plead injury in fact. He merely has to allege that he "encountered [the] barriers . . . ." *Disabled in Action of Metro. N.Y.*, 2003 WL 1751785, at *7. Said differently, "[i]n the context of the ADA, the fact that the wheelchair-inaccessible [areas] deterred [the Plaintiff] from accessing [certain areas] established a concrete and particularized injury; [the Plaintiff] need not attempt to overcome an obvious barrier." *Kreisler*, 731 F.3d at 188 (citing *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1137–38 (9th Cir. 2002)).

The Plaintiff has alleged that he encountered these barriers with sufficient specificity, and that that the injuries alleged are sufficiently "concrete and particularized." *Lujan*, 504 U.S. at 560. The barriers injured the Plaintiff "in a personal and individual way," *id.* at 560 n.1, in that he had to wheel through traffic; could not transfer his body to the toilet in the bathroom; could not reach the soap dispenser in the bathroom; and could not eat at the restaurant. Therefore, the Plaintiff has alleged past injury under the ADA.

As to the second *Kreisler* element, there is no indication that the alleged discriminatory practices of the Defendant will end anytime soon, so the Court finds that it is reasonable to infer that the discriminatory treatment will continue.

As to the third *Kreisler* element, the Court finds that the Plaintiff has sufficiently alleged a plausible plan to return to the location. While the Plaintiff lives in Florida, his place of residence "is not determinative to his ability to establish intent to return to the" location. *Bernstein v. City of New York*, 621 F. App'x 56, 58–59 (2d Cir. 2015). As the Second Circuit said in *Bernstein*:

> Intent to return is a highly fact-sensitive inquiry that incorporates a range of factors including not only the proximity of the defendant's services, programs, or activities to the plaintiff's home and the frequency of the plaintiff's past visits, but also other factors relevant to the calculation of the plaintiff's intent to return such as occupation or demonstrated travel habits.

*Id.* at 59 (citing *Kreisler,* 731 F.3d at 187–88; *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (per curiam)). The Plaintiff grew up in Nassau County, and still has friends and family that live in that county. He visits New York with some regularity to visit those friends and family. As of July 5, 2017, which was the date of the Plaintiff's affidavit, he had last visited New York merely two months earlier, in April 2017. Furthermore, the fact that the Plaintiff belongs to a group that advocates for handicapped individuals, and regularly visits sites to test their ADA compliance, bolsters the plausibility of his plans to return. Although the Plaintiff did not provide a specific date for his return to the location, the Court fails to see why the Plaintiff would return when the alleged barriers are still in place. He has said that he will return within 90 days of the removal of the barriers.

In *Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69 (2d Cir. 2011), the Second Circuit considered a similar set of facts where a "tester," who lived out of state, alleged that he would return to the Defendant's location, and found that the Plaintiff alleged sufficient facts to suggest a

plausible return. The plaintiff in *Harty* alleged that he would return to the defendant's mall both to enjoy the amenities there and to test whether it had become ADA compliant. He also submitted an affidavit in which he stated that he travels nationwide to teach gun safety, and that he visits friends and family in New York quite often. *Id.* at 71.

Similarly here, the Plaintiff states that he has friends and family nearby, that he travels to New York quite often, and will return to the location to enjoy its offerings and to test it for ADA compliance. He plans to return within 90 days of the removal of the barriers. That is, "[the Plaintiff] avows a present intention to return to the [location], an act that depends only upon his own volition, and the likelihood of which finds some support in professional and family reasons." *Id.* at 72; *see also Disabled in Action of Metro. N.Y.*, 2003 WL 1751785, at \*8 ("[The Plaintiffs]' statements that they would return to [the Defendant's location] but for the barriers to access are not the type of 'some day' intentions rejected in *Defenders of Wildlife*."). Therefore, the Court finds that the Plaintiff has alleged sufficient facts for the Court to reasonably infer that he plans to return to the location.

The Plaintiff has shown that his injuries are "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984). Therefore, he has met the minimum standards at this stage of the litigation to demonstrate standing.

The Defendant relies heavily on another case brought by the Plaintiff in this district against another property owner that was dismissed due to lack of standing. *See Feltzin v. Triangle Props. #1, LLC*, 14-cv-5131 (JMA)(ARL) ("*Triangle Props.*"). However, in the Court's view, there are many facts that differentiate that case from the present case. In fact, it appears that the Plaintiff

8

styled his affidavit in such a way as to overcome the specific deficiencies that were pointed out by the Court in *Triangle Props.*. Of importance, the Court noted in *Triangle Props.* that:

> The complaint neither identifies nor describes any specific situation in which plaintiff encountered any violation of the ADA or in which his enjoyment of the Jericho Shopping Office Plaza was impaired. In his affidavit, plaintiff states that he 'frequented the shopping center on July 14, 2014,' but includes no additional information about any encounters with architectural barriers or any impairment of his enjoyment of the subject premises.

*Triangle Props.* Mem. of Dec. and Order (ECF No. 42) (the "*Triangle Props.* Decision") at 3. Here, the Plaintiff set forth several instances where he encountered specific barriers that impaired his enjoyment of the subject premises. Furthermore, whereas in *Triangle Props.*, the Plaintiff "fail[ed] to allege that any violation existed within a particular business, and instead provide[d] blanket descriptions of violations that allegedly exist within multiple businesses," *id.* at 4, here, the Plaintiff identified Julia's Pizza, Prestige Barber Shop, and the laundromat. Therefore, this case is sufficiently distinguishable from the *Triangle Props.* case, and the Plaintiff has demonstrated that he has standing to sue.

Accordingly, the Defendant's motion to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6) based on the Plaintiff's lack of standing is denied. The Court will therefore turn to the merits of the Plaintiff's allegations to determine whether they withstand Rule 12(b)(6) scrutiny.

**B. Motion For a Judgment on the Pleadings**

**1. The Legal Standard**

The standard for a Rule 12(c) motion is the same for a motion to dismiss a complaint pursuant to Rule 12(b)(6). *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw*

*Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

### 2. The Relevant Law

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Discrimination is defined by the Act to include:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently

than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

*Id.* § 12182(b)(2)(A)(iii).

To establish a violation of Title III of the ADA, a plaintiff "must allege (1) that []he is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide." *Camarillo*, 518 at 156.

### 3. Application to the Facts

Only the last element of the Plaintiff's ADA claim is disputed here, and the parties' arguments mirror those concerning the Plaintiff's standing. Again, the Court finds that the Plaintiff has alleged sufficient facts to plausibly allege an ADA claim.

As stated above, the Plaintiff identified several architectural and situational barriers that prevented him from benefitting from the Defendant's services. As the Court has already enumerated these barriers and how they affected the Plaintiff more than once, the Court will not do so again.

Accepting these allegations as true and drawing all reasonable inferences in Plaintiff's favor, as the Court must, Plaintiff has plausibly alleged "that defendant[ ] discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendant [ ] provide." *Camarillo,* 518 F.3d at 156. Accordingly, the Court finds that the Plaintiff has stated a claim upon which relief may be granted, and the Defendant's motion for a judgment on the pleadings pursuant to Rule 12(c) is denied.

## III. CONCLUSION

For the reasons stated above, the Defendant's motion for a judgment on the pleadings pursuant to Rule 12(c) is denied in its entirety. As the Defendant has not prevailed on his motion for a judgment on the pleadings, its motion for attorneys' fees necessarily fails as well because it is not a prevailing party. *See* 42 U.S.C. § 12205 ("[T]he court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . .").

This case is respectfully referred to Magistrate Judge Gary R. Brown for discovery.

It is **SO ORDERED:**

Dated: Central Islip, New York

October 25, 2017

_____*/s/ Arthur D. Spatt*_____

ARTHUR D. SPATT

United States District Judge